Joseph Pieczynski, Administrator, Appellant, v. Chicago, Burlington & Quincy Railway Company, Appellee.

**RAILROADS:** Injury Near Track—Negligence Per Se.   Negligence
1  *per se* is established by evidence which conclusively forces the mind to the conclusion that a deceased who was hit by a passing train either did not look or listen for the train, which was in plain sight, or attempted to cross the track in front of the train, which he knew to be coming.

**APPEAL AND ERROR:** Abstracts of Record—Non-abridged Abstract.
2  An order of affirmance is justified when the so-called abstract consists of a substantial copy of the bill of exceptions, 50 per cent of which is immaterial matter.

Headnote 1: 33 Cyc. p. 1154.  Headnote 2:  4 C. J. p. 226.

Headnote 1: 22 R. C. L. pp. 1014, 1020.

*Appeal from Clinton District Court.*—W. W. Scott, Judge.

November 16, 1926.

Action for damages for negligence causing the death of plaintiff's decedent. Judgment on a directed verdict for defendant. Plaintiff appeals.—*Affirmed.*

*Lee R. Harding* and *George E. Mattison,* for appellant.

*Frank W. Ellis* and *John E. Purcell,* for appellee.

MORLING, J.—The body of deceased was found near defendant's tracks. There was no eyewitness to the tragedy. She evidently was struck by the left side of defendant's locomotive, out of the range of vision of the engineer, and while the fireman was coaling. There was, at the place, a footpath extending across defendant's right of way, much used by the public, including deceased. She was seen on the footpath, walking toward the track, a few moments before her body was found. One of defendant's passenger trains was then approaching this crossing at a speed estimated by plaintiff's witnesses to be 25 miles an hour, and by defendant's witnesses, 10 or 12 miles per hour. The negligence claimed is in the speed of the train, exceeding the ordinance rate, and in not ringing the bell or blowing the whistle. There was a lengthy building along the track on the side on which deceased was, and between the building and the track was a row of trees. These would obscure her vision until she got to a point about 12 feet from the nearest rail. At that point, she would have an unobstructed view of the track in the direction from which the train was approaching, for 600 feet, and farther as she got nearer. The train was a regular train, on time. Deceased was 24 years old. Her hearing was good, and, for all that appears, her eyesight was also good. She had been employed in the vicinity for a considerable time, and evidently was familiar with the surroundings. The accident occurred at about 5:30 P. M. on September 24th, and therefore in daylight, though one of the witnesses says it was getting dark. There is evidence that the ground was somewhat rough, and the path was over a small ditch. No reason appears, however, for her not seeing the train if she had looked. One of two inferences must be drawn from the evidence: either that deceased did not look or listen for a train, or (perhaps less likely) that she knowingly attempted to cross in front of it. In either case she was negligent, and her negligence contributed to the accident. The motion to direct was, therefore, properly sustained.

1. RAILROADS: injury near track: negligence *per se.*

We have considered the case on the merits, in order that injustice may not be done, but the judgment should be affirmed for failure to comply with the rules in the preparation of the

2. APPEAL AND
ERROR: abstracts
of record: non-
abridged
abstract. abstract. The bill of exceptions is substantially printed in full. Questions and answers, whether material or not, and whether objections were sustained or not, setting out fully defendant's exceptions, as well as plaintiff's, are printed in full. The 166 pages of printed abstract should have been compressed into less than half that number. The added physical labor of reading the matter that in the ordinary bill of exceptions would be irrelevant to the appeal, would greatly detract from the ability of the court to give due consideration to the questions involved and keep up with its work. The rules must be observed.

The judgment is—*Affirmed*.

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.